Curia, per
Richardson, J.
The facts of thfe case make this question. After notice to Riley that Snyder had purchased the land, did the rent accruing after the purchase, pass to Snyder 7
It is to be observed that the whole year’s rent was not due until after the purchase, and a question might perhaps be raised, whether the rent was not due to the freeholder at the moment it-became due, arid whether any part of it could be due-to any one but-this freeholder ; because no rent was due before the end of the year,' when he had. become the owner, and of course entitled to all the productions and incidents of his freehold, or at least to such as'came to maturity after the purchase.
But however such a question might be resolved, it has been usual to allow to the purchaser his proportion of the rent, measured frorii the time of his purchase.. And .in the case of Moore vs. Turpin and Powers, decided last’term, this court recognized the right of the purchaser to that extent — no more being demanded. .
And the presiding Judge having decreed the rent accor-. ding to the same proportion, and the tenant having voluntarily paid the whole rent to his former landlord, before it became due, and after notice,of his landlord being changed, there can be no reason in turning the purchaser round to his possible recovery against him. If the tenant had received no notice, and had paid the rent :only at maturity, such might have been the proper course ; but in this case, we perceive no reason for referring the plaintiff to that remedy. ' ,
The motion is‘therefore dismissed..
O’Neall, Evans, Butler and Wardlaw, J. J., concurred.